UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YENNDY NUNEZ GONZALEZ,

       Petitioner,

v.                                                    Case No. 3:26-cv-1105-MMH-PDB

ATTORNEY GENERAL OF
THE UNITED STATES, et al.,

       Respondents.

_____

**<u>ORDER</u>**

Petitioner Yenndy Nunez Gonzalez initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and is entitled to a bond hearing. See generally id. On May 1, 2026, Petitioner filed an Emergency Motion for Temporary Restraining Order (Doc. 2), seeking issuance of an order enjoining Respondents from transferring him outside of this Court's jurisdiction during the pendency of the case.

Subsequently, on May 14, 2026, Petitioner filed an Emergency Moton for Order to Show Cause and to Compel the Return of Petitioner to the Middle District of Florida (Doc. 6). Petitioner asserts that United States Immigration

and Customs Enforcement (ICE) transferred him from Baker Correctional Institute to Folkston ICE Processing Center in Georgia. Id. at 2. According to Petitioner, "[t]his transfer was made without notice to [] counsel, without Court authorization, and in defiance of the pending [temporary restraining order] request . . . ." Id. As relief, he asks the Court to direct Respondents to return him to a detention facility in the Middle District of Florida. Id. at 6.

The Motion to Return is due to be denied. Because Petitioner was detained within the Middle District of Florida when he filed this case, this Court still retains jurisdiction despite his transfer. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."); see, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008) ("[J]urisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. . . . [I]f a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided."). And Petitioner is mistaken that the Court "cannot meaningfully adjudicate Petitioner's habeas claims if Petitioner is not within its reach." Doc. 6 at 5. Indeed, Petitioner names as Respondents federal

officials who would have the authority to direct Petitioner's release or facilitate a bond hearing. In short, Petitioner fails to show entitlement to the relief requested.

Therefore, it is **ORDERED**:

1.      Petitioner's Emergency Motion for Order to Show Cause and to Compel Return of Petitioner to the Middle District of Florida (Doc. 6) is **DENIED**.

2.      Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **DENIED as moot**.

3.      The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and this Order by **e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by **certified mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530. All costs of service shall be advanced by the United States.

4.      Respondents, within **5 business days** from the date of this Order, shall respond to the Petition, and show cause why the Petition should not be granted.

5.    If Petitioner is removed from the United States or otherwise released from custody, Respondents must file a notice within **3 days** of Petitioner's change in custody.

6.    The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and, if more than one, submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements. If a party relies on a deposition, the entire transcript must be filed.

7.    After Respondents file a response, Petitioner shall have **3 business days** to file a reply to Respondents' response.

**DONE AND ORDERED** at Jacksonville, Florida, this 15th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 5/15
c:    Counsel of Record

4