UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

YENNDY NUNEZ GONZALEZ,

       Petitioner,

v.

       Case No. 3:26-cv-1105-MMH-PDB

ATTORNEY GENERAL OF THE
UNITED STATES, et al.,

       Respondents.

_____

## ORDER

Petitioner Yenndy Nunez Gonzalez, an immigration detainee, is proceeding through counsel on a Petition for Writ of Habeas Corpus (Doc. 1; Petition). Gonzalez is a citizen of Cuba who entered the United States on July 30, 2022. Id. at 4. The next day, the Department of Homeland Security placed Gonzalez in removal proceedings and released him on his own recognizance. Id. On April 20, 2026, local law enforcement detained Gonzalez during a traffic stop and transferred him into the custody of United States Immigration and Customs Enforcement. Id. at 5. Gonzalez raises various challenges to his immigration detention and seeks, inter alia, either immediate release or an individualized bond hearing. See id. at 30–40.

Respondent Warden filed a Motion to Dismiss (Doc. 9), arguing he is not a proper respondent in this case. The Federal Respondents filed a Response (Doc. 10; Response) asserting that they are now detaining Gonzalez under 8 U.S.C. § 1226(a), and conceding that to the extent he seeks an individualized bond hearing, the Court should grant the Petition based on the Eleventh Circuit Court of Appeals' recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Gonzalez filed a counseled Reply (Doc. 11; Reply). He asks the Court to direct his immediate release or, in the alternative, direct that he be afforded an individualized bond hearing as soon as practicable. Id. at 4.

When Gonzalez was detained in April 2026, he was not seeking entry at the border; therefore, as the Federal Respondents now concede, he is not subject to § 1225 and instead is detained under § 1226. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act). Accordingly, it is

**ORDERED**:

1.    Gonzalez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond

hearing violates the Immigration and Nationality Act.[1] Within **seven days** of this Order, Respondents shall either afford Gonzalez an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Gonzalez, they shall facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

2.      Respondent Warden's Motion to Dismiss (Doc. 9) is **DENIED**. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778, *4–5 (M.D. Fla. Apr. 21, 2026).

3.      The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of June, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 6/16
c:
Counsel of Record

---

[1] Because the Court finds that Gonzalez is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").